IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Donald Benson, | ) | C/A No.: 1:11-2621-TLW-SVH |
| Plaintiff, | ) | |
| vs. | ) | FIRST AMENDED |
| | ) | SCHEDULING ORDER |
| Savannah River Nuclear Solutions, LLC, | ) | |
| Defendant. | ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules (D.S.C.), the court establishes the following amended scheduling order.[1] This order is entered to administer the progress and disposition of this case in a manner consistent with the ends of justice, in the shortest possible time, and at the least possible cost to litigants. A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987). Motions to amend the scheduling order are discouraged; however, any such motion must comply with Local Civil Rule 6.01.

1. Discovery: All discovery must be completed by **August 24, 2012**. The parties must serve all discovery requests in time for the responses thereto to be made by this deadline. **No motions relating to discovery may be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 and have had a telephone conference with Judge Hodges in an attempt to resolve the matter informally**.

2. Mediation: In consent cases, Judge Hodges does not include a formal mediation deadline, but notes that Local Civil Rule 16.05 provides that all civil actions are subject to mediation unless the parties decline to participate by notifying the court. For nonconsent cases in which Judge Hodges is referred the case for pretrial management, the parties should consult the presiding district judge's Standing Order to Conduct Mediation, available at www.scdcourts.gov, under the

---

[1] Pursuant to Local Civil Rule 16.01(B), the parties are advised of the availability to proceed before a United States Magistrate Judge. *See* Notice of Availability of United States Magistrate Judge, available from the Office of the Clerk of Court or at www.scd.uscourts.gov (under Forms/Civil/Notice Consent Magistrate AO 85).

"Mediation/ADR" section, and should abide by the district judge's mediation deadline.

3. <u>Dispositive Motions</u>: The parties must file any dispositive motions by **September 7, 2012**.

4. <u>Trial</u>: This case is subject to being called for trial in the first term of court following the court's ruling on all dispositive motions, including, if applicable the district judge's ruling on a Report and Recommendation. For cases in which no dispositive motions are filed, the case is subject to being called for trial in the first term of court following the dispositive motions deadline.

IT IS SO ORDERED.

July 10, 2012                                          Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

# SPECIAL NOTICE TO COUNSEL WITH CASES REFERRED TO
# MAGISTRATE JUDGE SHIVA V. HODGES

*Please carefully review the following instructions that relate to issues that frequently arise regarding scheduling orders and related litigation management issues.*

### PRO SE PARTIES

These instructions and scheduling order deadlines apply to all litigants, whether appearing pro se or represented by counsel. The court has special instructions for pro se litigants available from the court's website at [www.scd.uscourts.gov](www.scd.uscourts.gov) under the "PRO SE Representing Yourself" section, or from the Office of the Clerk of Court.

### COMMUNICATIONS WITH CHAMBERS

All communications with the court should be **in writing** and **filed** in the CM/ECF docket. Counsel should never call to speak with Judge Hodges on a case-related matter. Although phone calls to chambers are discouraged, if counsel finds a phone call necessary, an attorney familiar with the case should contact Judge Hodges' law clerks.

### EXTENSION OF DEADLINES

Requests for extensions of time or protection via email, fax, mail or telephone are not accepted. The deadlines in scheduling orders issued by this court are established with careful consideration to the nature of the case and the amount of time necessary for discovery. For this reason, extensions should seldom be necessary. If, however, it becomes necessary to seek an extension, the court only considers extension requests made by a motion in compliance with Local Civil Rule 6.01 addressing the following:

(1) Date of the current deadline;
(2) Whether the deadline has been previously extended;
(3) The number of additional days requested and the proposed new deadline;
(4) Whether the extension would affect other deadlines;
(5) The reasons for the requested extension;
(6) The extent to which the parties have diligently pursued discovery during the originally specified period. This showing requires a specification of the discovery (including deposition by witness name and date) that has been completed and the depositions (including witness name) and other discovery that remain to be completed.
(7) Whether opposing counsel consents to or opposes the extension.

**Do not** wait until the last day before the deadline to request an extension. **Do not** call chambers to determine if the extension has been granted. You may check the docket

through CM/ECF. Absent extraordinary circumstances, requests should be made sufficiently in advance to allow you to receive a response before the deadline passes. *See* Local Civil Rules 6.01 and 6.02. The congestion of counsel's calendar is insufficient grounds for extensions.

**PROPOSED ORDERS**

The court maintains an email account for the sole purpose of receiving NEFs and proposed orders. However, proposed orders are rarely necessary and should not be submitted in conjunction with motions related to scheduling, discovery, or dispositive motions. Before preparing a proposed order, counsel may consider asking chambers whether a proposed order would be useful. In the event a proposed order is requested or otherwise appropriate, counsel should file the proposed order as an exhibit to the relevant motion, and email a copy of the proposed order to hodges_ecf@scd.uscourts.gov in a WordPerfect document (Times New Roman, 13 pt., double-spaced). Do not include the judge's signature or date block or counsels' signature block. If the motion is by consent, include all counsels' consents in the motion, and not on the order.

**COURTESY COPIES**

Please provide a loose-leaf bound (e.g., in a three-ring binder) and tabbed courtesy copy to Judge Hodges' chambers of motions, related memoranda, and attachments if these documents together exceed 50 pages. Otherwise, no courtesy copies should be sent to chambers. In CM/ECF, each attachment (including exhibits) should be filed as a separate document to the main pleading and labeled with a description (e.g., "John Smith's Deposition" and not "Exhibit A").

**WEBSITE**

The District of South Carolina maintains a website (www.scd.uscourts.gov) with various forms and resources, including the Filing Preferences for Judge Hodges, information on protective orders, the filing of confidential and sealed documents pursuant to Local Civil Rule 5.03, as well as district judge-specific notices and special instructions.